# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.N. and N.N.-1

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 17-0105 (Mercer County 16-JA-071 and 16-JA-072)

## MEMORANDUM DECISION

Petitioner Father N.N.-2, by counsel John G. Byrd, appeals the Circuit Court of Mercer County's January 11, 2017, order terminating his parental rights to A.N. and N.N.-1[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael P. Cooke, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed an abuse and neglect petition alleging that petitioner and the mother engaged in domestic violence in the children's presence and abused and trafficked drugs in the home. According to the petition, petitioner was arrested for conspiracy and intent to deliver a controlled substance. The petition also alleged that the children were left in the care of an inappropriate person while petitioner was incarcerated and he admitted to the DHHR that he used intravenous drugs in the home. Petitioner thereafter waived his right to a preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Because petitioner and one of the children share the same initials, we will refer to the child and petitioner as N.N.-2 and N.N.-1, respectively, throughout this memorandum decision.

In May of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations contained in the petition and admitted that the children were abused and neglected due to his substance abuse. Petitioner requested a post-adjudicatory improvement period, and the circuit court granted his request. In June of 2016, the circuit court held a review hearing during which the circuit court was presented with evidence that petitioner "had a few positive drug screens for [o]piates." The DHHR recommended that petitioner remain on his improvement period and continue to submit to random drug screens.

In December of 2016, the circuit court held a dispositional hearing wherein petitioner failed to appear but was represented by counsel. A DHHR worker testified that petitioner was non-compliant with the terms and conditions of his improvement period. According to the worker, petitioner failed to fully complete adult life skills classes, participate in visitation, and submit to random drug screens. The worker testified that the "very few drug screens that could be collected have all been positive for substances." The worker also described petitioner's visits with the children as "sporadic." Based on the evidence presented, the circuit court determined that petitioner failed to participate in the proceedings and found that there was no reasonable likelihood he could substantially correct the conditions of abuse and neglect and terminated his parental rights to the children by order dated January 11, 2017.[2] It is from that order that petitioner appeals.

The Court has previously established the following standard of review in cases such as these:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Petitioner's parental rights to both children were terminated below. The guardian states that both children were placed in foster care and the permanency plan is adoption into that home. According to the guardian, M.M., the mother of the children, was initially placed on an improvement period and the permanency plan for the children was reunification. Because the mother failed to comply with the terms and conditions of her improvement period, the DHHR is now seeking termination of her parental rights to both children.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

Petitioner's sole argument on appeal is that the circuit court erred in terminating his parental rights to the children when the least-restrictive alternative was to terminate his custodial rights. We disagree. West Virginia Code § 49-4-604(b)(6) provides that a circuit court is directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of abuse or neglect can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"[3]

---

[3]Finally, because the case is still pending against A.N. and N.N.-1's mother, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

(continued . . .)

In this case, it is undisputed that petitioner failed to comply with the terms of his improvement period. He failed to participate in adult life skills classes, failed to regularly visit with his children, and tested positive for controlled substances on multiple occasions. Given petitioner's complete lack of improvement during these lengthy proceedings, we find no error in the circuit court's termination order. The circuit court properly found that petitioner was not reasonably likely to substantially correct the conditions of abuse and neglect in the near future, and it is clear from the record on appeal that the children's welfare necessitated the termination of petitioner's parental rights. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 11, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: June 19, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).